IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND DEGARMO, | No. C-11-4859 TEH (PR) |
|     Petitioner, | |
|     v. | ORDER TO SHOW CAUSE |
| SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al. | |
|     Respondents. | |
|                                   / | Doc. #2 |

Petitioner, a state prisoner incarcerated at La Palma Correctional Center in Eloy, Arizona, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Contra Costa County Superior Court. Doc. #1. He also seeks leave to proceed in forma pauperis. Doc. #2.

I

According to the Petition, in May 2009, Petitioner was sentenced to six years in state prison following his conviction for assault with a deadly weapon and true findings on two enhancements.

Doc. #1 at 2; Doc. #3 at 6. Petitioner sought post-conviction relief in the state superior and appellate courts until the California Supreme Court denied his final petition on August 10, 2011. Doc. #3 at 2. The instant federal Petition for a Writ of Habeas Corpus followed.

## II

The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent. <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254). This person typically is the warden of the facility in which the petitioner is incarcerated. <u>See</u> <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction, <u>see id.</u>, but the allegations of the petition are to be liberally construed when considering whether the proper respondent has been named, <u>see</u> <u>Belgarde v. Montana</u>, 123 F.3d 1210, 1214 (9th Cir. 1997). The "'state officer having custody'" also may include "'the chief officer in charge of state penal institutions.'" <u>Ortiz-Sandoval</u>, 81 F.3d at 894 (quoting Rule 2(a) advisory committee's note).

Petitioner has named as respondents the Secretary of the California Department of Corrections and Rehabilitation, and Fred Figueroa, the Warden of North Fork Correctional Facility in Sayre, Oklahoma, where he was incarcerated when he filed his habeas petition. Since then, Petitioner has been transferred to La Palma

2

Correctional Center in Eloy, Arizona. Doc. #5. Without knowing the terms of the agreement under which Petitioner was sent to Oklahoma and then Arizona, the court is uncertain who is the proper respondent, but either the warden of La Palma Correctional Center or the Secretary of the California Department of Corrections and Rehabilitation Matthew Cate should be "the state officer who has custody" of Petitioner. See Rule 2(a) advisory committee's note; Fed. R. Civ. P. 19(a). Accordingly, Secretary of California Department of Corrections and Rehabilitation Matthew Cate is properly named as the respondent in this action, see Ortiz-Sandoval, 81 F.3d at 896, and La Palma Correctional Center Warden Jim MacDonald shall be substituted as the respondent in action in place of Fred Figueroa, the warden of Petitioner's prior place of incarceration, North Fork Correctional Facility. See Belgarde, 123 F.3d at 1214 (construing pro se habeas petitions with deference).

### III

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner seeks federal habeas corpus relief by alleging that his parole revocation violated his due process rights, and that trial counsel was ineffective for failing to object to the parole revocation. Doc. #1 at 6. Liberally construed, Petitioner's claims

3

appear cognizable under 28 U.S.C. § 2254 and merit an Answer from Respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally); see, e.g., Gagnon v. Scarpelli, 411 U.S. 778, 781 (1973) ("Even though the revocation of parole is not a part of the criminal prosecution, we held that the loss of liberty entailed is a serious deprivation requiring that the parolee be accorded due process . . .").

IV

For the foregoing reasons and for good cause shown,

1.   Petitioner's request to proceed in forma pauperis is GRANTED.  Doc. #2.

2.   The Clerk shall serve by certified mail a copy of this Order, the Petition and all attachments thereto (i.e., Doc. ##1 and 3), on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner.

3.   Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent

**4**

within thirty (30) days of his receipt of the Answer.

4. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty (30) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fifteen (15) days of receipt of any Opposition.

5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED    *04/09/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.11\Degarmo-11-4859-osc.wpd

5