IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND DEGARMO,<br><br>        Petitioner,<br><br>    v.<br><br>SECRETARY OF CALIFORNIA<br>DEPARTMENT OF CORRECTIONS AND<br>REHABILITATION, et al.,<br><br>        Respondents.<br>_____/ | No. C-11-4859 TEH (PR)<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS FOR FAILURE<br>TO EXHAUST |

On September 30, 2011, Petitioner Raymond DeGarmo, an inmate at La Palma Correction Center in Eloy, Arizona, filed a <u>pro se</u> petition for a writ of habeas corpus challenging a judgment of conviction from Contra Costa County Superior Court. On April 10, 2012, the Court ordered Respondents to file an answer showing cause why a writ of habeas corpus should not be granted or, in lieu of an answer, to file a motion to dismiss on procedural grounds. Doc #6. The Order stated, "If Respondent files such a motion, Petitioner

shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty (30) days of receipt of the motion." April 10, 2012 Order at 5.

On July 2, 2012, Respondents filed a motion to dismiss on the ground that none of the claims asserted by Petitioner in his petition had been exhausted. More than thirty days have passed since Respondents filed their motion, and Petitioner has not filed an opposition. It appears that Petitioner concedes that his claims are unexhausted.

I

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c). The exhaustion-of-state-remedies doctrine "reflects a policy of federal-state comity" designed to give a State "'an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The court generally may not grant relief on an unexhausted claim, see 28 U.S.C. § 2254(b)(1).

Both the legal basis and the factual basis of the claim must be "fairly presented" to the state courts in order to exhaust. Picard, 404 U.S. at 275; Peterson v. Lampert, 319 F.3d 1153, 1155–56 (9th Cir. 2003) (en banc). It is not sufficient to raise only the

2

facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. <u>Picard</u>, 404 U.S. at 277. The state's highest court must "be alerted to the fact that the prisoners are asserting claims under the United States Constitution." <u>Duncan v. Henry</u>, 513 U.S. 364, 368 (1995). With regard to the factual basis for the claim, "the petitioner must only provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" <u>Davis v. Silva</u>, 511 F.3d 1005, 1009 (9th Cir. 2008) (citations omitted). If state remedies have not been exhausted as to all claims, the district court must dismiss the petition. <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982); <u>Guizar v. Estelle</u>, 843 F.2d 371, 372 (9th Cir. 1988).

## II

After Petitioner was convicted of several crimes, the state trial court suspended the execution of sentence and placed Petitioner on probation but, later that day, the court reconsidered and imposed the previously suspended prison term. Petitioner appealed his conviction to the California court of appeal, which affirmed the judgment. On June 28, 2011, Petitioner filed a petition for review in the California Supreme Court. Resp.'s Ex. 1. In that petition, Petitioner presented the following two issues: (1) A court cannot revoke probation without finding a willful violation of its terms; and (2) the court's error is not subject to harmless error review, and regardless cannot be harmless error. <u>Id.</u> On August 10, 2011, the Supreme Court issued a one-sentence denial. Resp.'s Ex. 2.

Petitioner then filed the instant federal petition in which he asserts three claims for relief: (1) he was denied due process of law when the trial court illegally revoked his probation; (2) he was denied effective assistance of counsel because his counsel failed to challenge the illegal probation revocation; and (3) he was denied due process of law because the California court of appeal created a non-existent "conditional probation" to justify the trial court's revocation of his probation.

As correctly pointed out by Respondent, in his petition to the California Supreme Court, Petitioner did not raise any claim of ineffective assistance of counsel nor did he present any claim as a federal constitutional violation. Therefore, the three claims Petitioner asserts in his petition are unexhausted. Because all of Petitioner's claims are unexhausted, the petition must be dismissed. See Castille v. Peoples, 489 U.S. 346, 349 (1989) (petition should be dismissed if no claim has been exhausted); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (district court required to dismiss petition that contains only unexhausted claims).

III

For the foregoing reasons, Respondent's motion to dismiss for failure to exhaust state remedies is GRANTED. Doc. #11. The instant petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies. This dismissal is without prejudice to Petitioner's returning to federal court after exhausting his state court remedies by presenting his claims to the California Supreme Court.

The Clerk is directed to dismiss any pending motions as

4

moot and close the file.

    IT IS SO ORDERED.

DATED     _08/20/2012_                                   
THELTON E. HENDERSON
United States District Judge

`G:\PRO-SE\TEH\HC.11\Degarmo-11-4859-DisExhaustionGrant.wpd`